JEANETTA FISHER ET AL., APPELLANTS, V. CHICAGO, BURLINGTON & QUINCY RAILROAD, A CORPORATION, APPELLEE.

107 N. W. 2d 740

Filed March 3, 1961. No. 34882.

*Paul P. Chaney* and *Dwight Griffiths*, for appellants.

*Mason, Knudsen, Dickeson & Berkheimer, J. W. Weingarten, Richard M. Duxbury*, and *Jean B. Cain*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

CARTER, J.

This is an action for the recovery of damages for the wrongful death of Frank J. Fisher by reason of injuries sustained when the truck he was driving was struck by defendant's train at a railroad crossing about 2 miles north of Watson, Missouri. The Employers Mutual Casualty Company is a party plaintiff as the workmen's compensation carrier for the employer of deceased, who

became obligated for compensation payments and seeks reimbursement as authorized by section 48-118, R. R. S. 1943. The trial court directed a verdict against the plaintiffs at the close of plaintiffs' evidence and plaintiffs have appealed.

The action was brought under the wrongful death statute of Missouri, section 537.080, R. S. Mo. 1949. The plaintiffs pleaded the statutory and common law of Missouri. The sufficiency of the pleading of the common law of Missouri is questioned by the defendant, but since the common law of Missouri requires the same result as that in Nebraska in the instant case, the case will be decided on the statutory and common law of Missouri.

The evidence shows that the deceased was an employee of the Falls City Mercantile Company. On April 9, 1958, while in the course of his employment, the deceased was driving a truck belonging to his employer about 2 miles north of Watson, Missouri. He was traveling a regular route over which he had traveled many times previously. He was driving south on a gravel road and was struck by defendant's train at the point where the railroad track crosses the highway. The deceased died about 2 hours after the collision without making any statement as to what occurred.

The evidence shows that the railroad track lies in a northwest and southeast direction from the crossing where the accident occurred. The physical facts are shown by maps and photographs. In the angle formed by the road and railroad right-of-way to the north of the railroad crossing, were the farm buildings of Wincel and Rosena Murry. The closest farm building was approximately 800 feet north of the railroad crossing. To the west of the Murry residence were some peach trees along the railroad right-of-way, the south end of which were approximately 725 feet north of the railroad crossing. From the south end of the peach trees to the railroad crossing there was nothing to obstruct

the vision to the west. In other words, one approaching the railroad crossing from the north on the highway had a clear view for 725 feet to observe the approach of a train from the northwest.

Rosena Murry testified that she was working in her kitchen and saw the approach of the train as it crossed a bridge more than a half mile to the north. She observed the headlight on the diesel engine but heard no bell or whistle. Wincel Murry testified that he was scooping corn about 1,000 feet north of the railroad crossing. He stated that it was a nice clear day and that vision was good. He observed the deceased go south on the highway at a speed of 30 to 40 miles an hour. He saw the train approaching south of the railroad bridge. He said it was going at a speed of 70 to 75 miles an hour when it went by. He heard no whistle or bell, and said that he would have heard them if they had been sounded.

There is evidence which shows that 151 feet north of the railroad crossing and on the right side of the highway to one approaching from the north was a cross-buck sign on which were painted the words "Railroad Crossing." At a distance of 288 feet north of the railroad crossing on the right side of the road was a round highway sign with a black cross and the letters "RR" on a light background.

It is the contention of the plaintiffs that defendant's employees were negligent in operating the train in that they failed to sound a whistle and bell, as required by section 389.990, R. S. Mo. 1949, as amended. Applying our oft-repeated rule, that on appeal from a judgment dismissing plaintiff's case at the close of his evidence such evidence will be construed in the light most favorable to the plaintiff and every controverted fact will be resolved in his favor, we find that there was evidence of negligence on the part of the defendant. It is the contention of the defendant, however, that the deceased

was guilty of such negligence as would bar a recovery as a matter of law. .

It is the law of Missouri that a railroad track of itself is a sign and warning of danger, requiring one who is about to cross it to look and listen for approaching trains before driving onto such railroad track. The driver of a motor vehicle about to drive onto a railroad track must exercise the highest degree of care to keep a lookout, and to observe and watch for the possible approach of trains. Where the driver of a motor vehicle when having a clear view along a railroad track drives upon the track in daylight when by looking he could have seen an approaching train, he is guilty of negligence as a matter of law. Failure of one, in approaching a railroad crossing with which he is familiar, to see that which is plainly visible is conclusive evidence of negligence. Where the negligence of a truck driver in failing to discharge his duty to look for approaching trains before driving onto a railroad crossing was the proximate cause of driver's death in a collision with the train, the railroad company is not liable in damages for the death of the driver. If a traveler, by looking, could have seen an approaching train in time to avert an accident, it will be presumed that he did not look, or, if he did look, that he did not heed what he saw. Such conduct is held to be negligence per se and constitutes the proximate cause of the accident, and bars a recovery. Lohmann v. Wabash R. R. Co., 364 Mo. 910, 269 S. W. 2d 885; Pipes v. Missouri Pacific R. R. Co. (Mo.), 338 S. W. 2d 30. See, also, Milk House Cheese Corp. v. Chicago, B. & Q. R. R. Co., 161 Neb. 451, 73 N. W. 2d 679; Neusbaum v. Chicago & N. W. Ry. Co., 162 Neb. 754, 77 N. W. 2d 299.

We shall briefly review the facts in the record that bring the case within the foregoing rules. The deceased was familiar with the road he was traveling. There was a warning sign 288 feet north of the crossing and another 151 feet north of it. He had a duty to look

and listen as he approached the crossing. His view to the right was wholly unobstructed for 725 feet, during which distance the approaching train was in plain view. His duty required him to look to his right and to see the train that was in plain sight. He had the further duty to have his truck under such control that he could avoid any danger that his looking and listening disclosed, or, in the exercise of the highest degree of care, should have disclosed. He was charged with seeing that which was clearly visible and his failure to do so is negligence of such a degree as to bar a recovery as a matter of law under the applicable common law of the State of Missouri.

The trial court correctly directed a verdict for the defendant. The judgment of the trial court is affirmed.

AFFIRMED.